1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

JEFFREY M. CHRISTIE,

7

      Plaintiff,

Case No. 3:21-cv-0368-RCJ-CSD

8

v.

**ORDER**

9

RENO FLYING SERVICE, INC., *et al*.,

10

      Defendants.

11
12

      Plaintiff Jeffrey M. Christie, who is proceeding *pro se,* brought this action against his former

13

employer Defendant Reno Flying (Reno Flying) Service, Inc., and against Defendant AirMed

14

International, LLC, the owner of Reno Flying.  Christie alleges three claims: (1) sexual harassment

15

-- hostile work environment, (2) sexual harassment -- *quid pro quo*, and (3) retaliation for reporting

16

sexual harassment.  Defendants move to dismiss (ECF No. 6) the first two claims, asserting that

17

Christie has failed to allege facts stating a colorable claim under either theory.  Christie opposes the

18

motion.  (ECF No. 15).  Having read and carefully considered the pleadings and the parties'

19

arguments, the Court will grant the motion and dismiss the two claims without prejudice.  The Court

20

will grant Christie leave to file an amended complaint to cure the deficiencies of the claims.

21

**I.   PROCEDURAL HISTORY**

22

      Christie filed the underlying complaint in this matter in August 2021.  Defendants moved to

23

dismiss the first two claims (ECF No. 6) and filed an answer (ECF No. 7) in September 2021.

24

Christie did not initially file a timely opposition.  The parties, however, stipulated to extend the time

in which he could file his opposition, which this Court approved.  (ECF Nos. 13, 14).  Christie then filed his opposition.  (ECF No. 15).  The motion to dismiss is now before this Court.

## II.  BACKGROUND

Christie alleges that he was employed by Reno Flying from April 2018 through November 2018, working as a co-pilot.  His immediate supervisor and trainer was John Burrell, a pilot.  Burrell and Christie operated a King Air 200 Super aircraft.  The cockpit of this aircraft is small, with the pilot and co-pilot seated next to each other.

Christie alleges that he was "continuously subjected to sexual harassment" from Burrell.  Burrell made "lewd and inappropriate comments of a sexual nature" directed at Christie.  Burrell touched Christie's stomach in a suggestive way.  Burrell placed a laptop computer on his left leg, forcing Christie to reach across Burrell to retrieve the device.

Once, while Christie was refueling the airplane in Delta, Utah, Burrell made "lewd and suggestive comments" that were "of an extremely sexual nature."  Burrell also "stare[d] intensely at [Christie's] groin and bottom."

At some point, Christie "made a formal inquiry of the appropriate human resources person" to file a complaint against Burrell.  He then sent a detailed e-mail to Cary Tew on August 17, 2018.  Christie was then suspended, was not paid, and ultimately, was terminated on November 27, 2018.  Prior to his e-mail to Tew, Christie had not been the subject of formal punishment or critique of his operational capability.

## III. LEGAL STANDARDS

A defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether a plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon such a motion, the Court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to

relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 642. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 641. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Thus, this Court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, allegations that

1    are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly

2    establish a claim. *Id*. at 567.

3          When a petitioner proceeds pro se, the complaint is held to less stringent standards than

4    formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Ward v. Ryan,*

5    623 F.3d 807, 810 n.4 (9th Cir. 2010).   In such a case, the Court must "construe the pleadings

6    liberally and afford the petitioner the benefit of any doubt." *Chavez v. Robinson*, 817 F.3d 1162,

7    1167 (9th Cir. 2016).   Sweeping, conclusory allegations do not suffice. *Leer v. Murphy*, 844 F.2d

8    628, 634 (9th Cir. 1988).

9    **IV. DISCUSSION**

10         To state a colorable hostile environment claim, a plaintiff must allege facts showing the

11   plaintiff "1) . . . was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was

12   unwelcome, and 3) the conduct was 'sufficiently severe or pervasive to alter the conditions of the

13   victim's employment and create an abusive working environment.'" *Fuller v. City of Oakland, Cal.*,

14   47 F.3d 1522, 1527 (9th Cir. 1995).   "To assert a Title VII claim based on a hostile work environment,

15   [Plaintiff] must allege a 'pattern of ongoing and persistent harassment severe enough to alter the

16   conditions of employment.'" *Draper v. Coeur Rochester, Inc*., 147 F.3d 1104, 1108 (9th Cir. 1998)

17   (*quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66–67 (1986)).   "The working environment must

18   'both subjectively and objectively be perceived as abusive' because of the sexual harassment."

19   *Burrell v. Star Nursery, Inc*., 170 F.3d 951, 954 (9th Cir. 1999) (*quoting Harris v. Forklift Sys., Inc*.,

20   510 U.S. 17, 21–22 (1993)).   The "mere utterance of an [] epithet which engenders offensive feelings

21   in an employee" does not alter the conditions of employment sufficient to create a hostile

22   environment under Title VII. *Meritor*, 477 U.S. at 67.   In other words, "[c]onduct that is not severe

23   or pervasive enough to create an objectively hostile or abusive work environment — an environment

24   that a reasonable person would find hostile or abusive — is beyond Title VII's purview." *Harris*,

510 U.S. at 21. In sum, the Court must look to the totality of the circumstances "including the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002).

To state a colorable *quid pro quo* claim of sexual discrimination under Title VII, a plaintiff must allege facts showing that "an individual explicitly or implicitly conditions a job, a job benefit, or the absence of job detriment, upon an employee's acceptance of sexual conduct."

Christie has not alleged a colorable *quid pro quo* sexual discrimination claim under Title VII. In his opposition, Christie asserts only that he "was continuously subjected to sexual harassment, including 'quid pro quo' harassment, by Plaintiff's immediate supervisor and trainer." This assertion amounts to a legal conclusion and must be supported by allegations of fact. To maintain this claim, Christie must allege facts identifying the (1) the job benefit, (2) that his supervisor conditioned upon (3) Christie's acceptance of the supervisor's sexual conduct. Christie has not done so. The Complaint does not identify any job benefit at issue. Nor does the complaint include facts raising an inference that the receipt of this job benefit was conditioned upon sexual consideration; that is, upon Christie submitting to the sexual advances of his supervisor. As Christie's assertion that he was subject to *quid pro quo* sexual harassment is unsupported by factual allegations, the Court will dismiss his claim for *quid pro quo* sexual harassment without prejudice.

Christie also fails to sufficiently allege facts to state a colorable hostile work environment claim. Christie identifies only three specific examples of offensive conduct by his supervisor: (1) his supervisor touched his stomach "in a suggestive way;" (2) his supervisor required Christie to retrieve a laptop computer resting on the supervisor's left leg by reaching over his right leg, and (3) his supervisor made comments of an extremely sexual nature while Christie was refueling the airplane in Delta, Utah, while staring at Christie's groin and bottom.

Other than these examples, Christie only generally asserts that his supervisor "constantly made lewd and inappropriate comments of a sexual nature" towards him.   The assertion is conclusory.   That is, Christie has concluded that the remarks he heard were lewd, sexually inappropriate and occurred constantly.   Christie's conclusion, however, is not entitled to any weight in considering whether he has stated a colorable claim.   Rather, to state a claim, Christie has the burden of alleging facts that permit the inference that would allow a reasonable person to infer that his supervisor had created a hostile work environment.

Christie is correct that, in pleading a claim, he does not need to itemize every word or profanity his supervisor uttered at him.   However, he does need to allege sufficient facts to notify Defendants of the severity of his supervisor's comments, and the frequency with which he made those comments.   Christie asserts that there is no need to "get graphically specific during the complaint."   Christie is required to allege sufficient facts, even if those facts are graphic, that will place the Defendants on notice of the severity of his supervisor's comments.[1]   Generally asserting the supervisor was making lewd comments of a sexual nature does not meet Christie's burden of alleging facts that show that the comments were lewd or show that the comments were of a sexual nature.   Further, Christie's general conclusion that the remarks were lewd and of a sexual nature does not meet his burden of alleging facts regarding the severity of those comments.   Similarly, Christie's conclusion that the remarks were constantly made is unsupported by allegations of fact regarding the frequency with which the comments were made.

---

[1] To be certain, the Court is not suggesting that Christie must specifically quote his supervisor's comments in the complaint to state a colorable claim.   However, Christie must offer a sufficient factual description of the content of the comments to notify the Defendant of the supervisor's behavior underlying Christie's claim.   Christie's terse conclusion that a comment was lewd and of a sexual nature does not meet that burden.

As noted, other than Christie's conclusory allegation that his supervisor constantly made lewd comments of a sexual nature, Christie's complaint alleges facts that only vaguely identify the three incidents underlying his claim.  Christie alleges his supervisor made sexual comments, and stared at his groin area, while he was refueling the airplane.  Christie again fails to allege sufficient facts to notify Defendants of the severity of the asserted comments that Christie's supervisor directed at him.  His general allegation that the comments were lewd and of a sexual nature does not suffice.

Christie's allegation that he was required to reach over his supervisor's right leg and groin to retrieve the laptop does not raise a plausible inference that the supervisor engaged in sexually offensive behavior.  The allegation, while describing facts that are consistent with a hostile environment claim, also describes facts that are also consistent with lawful behavior.  As such, while Christie has alleged facts regarding the laptop incident that are sufficient to conceivably state a claim, they are insufficient to plausibly state a claim.

Christie asserts that he was subject to "extremely unsafe" harassment.  However, at issue in a Title VII claim is not whether the supervisor created a dangerous environment in the cockpit of the airplane, but whether he created a sexually hostile work environment.  The allegation that Christie was required to reach over the supervisor's leg and groin to retrieve a laptop does not plausibly raise that inference.

While Christie's allegation that his supervisor touched his stomach is threadbare, the allegation provides, at least, some factual detail relevant to the severity of sexually offensive nature of the conduct.  The allegation does not, standing alone, state a colorable hostile environment claim.

Finally, considering the totality of Christie's allegations, the Court again finds that he has not met his burden of stating a colorable hostile environment claim. Christie has alleged one possibly sexually offensive incident and two incidents that Christie concludes were offensive but for which he has not alleged sufficient facts to permit an inference of sexually offensive behavior.  The

7

1   allegations concerning these events do not permit an inference that the frequency and severity of the

2   supervisor's comments and conduct caused Christie's work environment to be sexually hostile.

3       The Court will grant Christie leave to file an amended complaint to cure the deficiencies of

4   the complaint.  If he chooses to file an amended complaint, he is advised that an amended complaint

5   entirely replaces the original complaint and, thus, the amended complaint must be complete.  *See*

6   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding

7   that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading

8   supersedes the original"); *see also Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012)

9   (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims

10  in a subsequent amended complaint to preserve them for appeal).  To be complete, an amended

11  complaint must contain all claims, defendants, and factual allegations that a plaintiff wishes to

12  pursue in his lawsuit.

13      If Christie chooses to file an amended complaint curing the deficiencies of his hostile

14  environment claim and his *quid pro quo* claim, as outlined in this order, he must file the amended

15  complaint within 30 days from the date of entry of this order.  If Christie does not file an amended

16  complaint curing the deficiencies outlined in this order, this action will immediately proceed against

17  the Defendants on Christie's retaliation claim.

18                              **CONCLUSION**

19      IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) by Defendant Reno

20  Flying Service, Inc., and Defendant AirMed International, LLC, is GRANTED; Plaintiff Jeffrey

21  Christie's First Claim for Sexual Harassment – Hostile Environment and his Second claim for

22  Sexual Harassment – *Quid Pro Quo* are DISMISSED without prejudice.

23      IT IS FURTHER ORDERED that Plaintiff Jeffrey Christie is GRANTED leave to file an

24  amended complaint within 30 days of the entry of this order curing the deficiencies of his Sexual

Harassment – Hostile Environment and Sexual Harassment – *Quid Pro Quo* claims.  If Christie

elects to not file an amended complaint, this matter will proceed solely as to his Retaliation claim.

     IT IS SO ORDERED.

Dated: May 9, 2022

                  _____
                  ROBERT C. JONES
                  United States District Judge